Filed 4/22/21  P. v. Macedon CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>COREY LAMONT MACEDON,<br><br>　　Defendant and Appellant. | D078513<br><br><br>(Super. Ct. No. SWF1102631) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2014, defendant Corey Lamont Macedon pleaded guilty to first degree special circumstance murder.  In December 2020, he filed a petition for resentencing under Penal Code[1] section 1170.95.  In January 2021, the

---

1      All further statutory references are to the Penal Code.

trial court summarily denied the petition on the ground defendant was statutorily ineligible. Defendant appealed. Unable to identify any arguable issues, appellate counsel has sought independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

An amended information filed in Riverside County on April 19, 2012, charged defendant and a codefendant Davel D. Walker[2] with the premeditated murder of Theron B. on October 13, 2011 (§ 187, subd. (a)). The information alleged that the murder was committed by defendants while they were engaged in the commission and attempted commission of robbery and burglary (§ 190.2, subd. (a)(17)(A) & (G)); and that defendant in 1996 had committed a serious violent felony (attempted murder) (§§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1)).

On December 5, 2014, defendant withdrew his not guilty plea and entered a plea of guilty to murder of Theron B. with deliberation, premeditation, and malice aforethought. He also admitted the special circumstances allegation pursuant to sections 190.2, subdivision (a)(17)(A) and (G); specifically, that the murder occurred while he was engaged in the attempted commission or commission of robbery (§ 211), and was actually engaged in second degree burglary.

On December 8, 2014, defendant was sentenced to an agreed upon sentence of life without the possibility of parole. The allegations of prior offenses were stricken.

---

2      Walker is not a party in this appeal.

## DISCUSSION

### A. *Additional Background*

As noted, defendant in December 2020 filed a petition for resentencing under section 1170.95. During the proceedings that followed, the prosecutor represented to the court and to defense counsel, through an appellate opinion in Walker's case, that Walker had been granted relief under section 1170.95 on the ground he had been "duped" into participation in the crimes and it was defendant who was the actual killer.

The trial court stated it had read defendant's plea form and concluded the plea admitted the special circumstances alleged were true. The court on January 8, 2021, summarily denied the petition on the ground defendant pleaded guilty to murder with special circumstance allegations, which required he admit he had the specific intent to kill or was a substantial participant acting with reckless disregard at the time. Therefore, the court concluded defendant was statutorily ineligible for relief under section 1170.95.

As noted, appellate counsel has filed a brief pursuant to *Wende* and *Anders* indicating she has been unable to identify any arguable issues for reversal or modification on appeal. Counsel asks that we review the record for error as mandated by *Wende.* To assist the court in its review, counsel asks we focus on the following areas of the record: 1) whether the parties and court were correct in referring to the opinion in codefendant Walker's separate trial and appeal; 2) whether defendant was ineligible for relief under section 1170.95 due to his guilty plea; 3) whether defendant's admission of special circumstances was an appropriate consideration by the court; and 4) whether the boxes check-marked on the plea form were appropriately checked off, and support the court's conclusions.

3

B.  *Guiding Principles and Analysis*

"In 2018, 'the Governor signed Senate Bill No. 1437 . . . in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill [No.] 1437 also added . . . section 1170.95, which created a [petition] procedure whereby a person whose felony murder conviction was final, but who could not have been convicted under the amended statutes, could petition to have the conviction vacated.' [Citation.]" (*People v. Gomez* (2020) 52 Cal.App.5th 1, 11–12 (*Gomez*).)

Under section 1170.95, subdivision (c) a trial court presented with a facially valid petition must determine if the petition sets forth a prima facie case for relief.  If it does, the court must then hold a hearing at which the prosecutor bears the burden to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing.  If the prosecutor fails to meet this burden, the court must vacate the murder conviction and resentence the defendant on any remaining counts.  (§ 1170.95, subds. (c) & (d).)

Here, the record shows defendant pleaded guilty to first degree murder as a result of being a direct participant in the murder.  Under section 1170.95, a direct participant in a murder is ineligible for relief under the statute.  (See *Gomez, supra*, 52 Cal.App.5th at pp. 14–15.)

We have fully and independently examined the record and conclude that there are no other issues which, if resolved favorably to defendant, would result in reversal or modification of his judgment; and that defendant has been represented by competent counsel in this appeal.

4

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is affirmed.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.

5